FILED
NOV 28 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KURTIS ALLEN CLIFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07 2147 |
| | ) | |
| WILLIAM SIVLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

This matter is before the Court on plaintiff's motion for emergency injunctive relief and the related motions to expedite and to compel disclosure. The motions will be denied.

Plaintiff alleges that he has traveled at his own expense from Florida to the District of Columbia in order to undergo surgery at the VA Medical Center. Compl. at 1 (page numbers designated by the Court). According to plaintiff, defendants deny him lodging while awaits or undergoes treatment in violation of his rights under the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. See Compl. at 2; Mot. to Expedite at 1 (page numbers designated by the Court). In light of his current medical condition, plaintiff demands that the "VA Hosp[ital] will house said disabled veteran while he is being seen by clinical time and being considered for treatment as is ethical in lieu of his present injuries." Pl.'s Mot. for Emergency Inj. Relief at 1.

Injunctive relief is an extraordinary remedy, and plaintiffs bear a substantial burden to obtain it. See, e.g., *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). A temporary restraining order can be granted only if "it clearly appears from the specific



facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b)(1). The purpose of a temporary restraining order is to preserve the status quo while the Court considers the merits of a request for more permanent relief. See *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1125 (2d Cir. 1989); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).

Plaintiff does not show that, absent injunctive relief, he stands to suffer immediate and irreparable injury. Accordingly, it is hereby

ORDERED that plaintiff's Motion for Emergency Injunctive Relief, Motion to Compel Disclosure, and Motion to Expedite are DENIED WITHOUT PREJUDICE.

SO ORDERED.

_____
United States District Judge

DATE: 11/26/07